Submitted on record and briefs November 19, 1993, remanded for entry of modified judgment April 20, 1994

## In the Matter of the Marriage of

Betty Ann BALL,
*Respondent,*
*and*

Lewis Ray BALL,
*Appellant.*

(88DM0885; CA A76956)

873 P2d 437

Nancy A. Borneman filed the brief for appellant. With her on the brief was Borneman & Rossi.

Betty Ann Andrews filed the brief *pro se* for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

PER CURIAM

**PER CURIAM**

Husband appeals from an order denying his motion to terminate or modify spousal support in the amount of $500 per month that was awarded to wife in a 1989 dissolution judgment. At that time, he was earning $3,000 per month as a timber broker. His motion to modify was filed in 1992, and he testified that his earnings had decreased to $860 per month at that time because he had been unable to find employment as a timber broker or in jobs outside the timber industry. The trial court denied his motion, apparently because it believed that the state of the timber industry had not changed since 1989 even in the light of the spotted owl controversy.

Whatever the comparison is between the financial status of the timber industry between 1989 and 1992, ORS 107.135(2)(a) provides that "a substantial change in the economic circumstances of a *party* * * * is sufficient for the court to reconsider its order of support." (Emphasis supplied.) Our *de novo* review of the record leads to a finding that the statutory requirement has been met and that the spousal support award in the 1989 judgment should be modified to $80 per month as of the date of the trial court's judgment of modification.

Remanded for entry of a modified judgment reducing spousal to $80 per month effective as of the date of the trial court's judgment of modification. Costs, not including attorney fees, to husband.